## MATHEW JOHNSON

### v.

## ANNA CHRISTINE JOHNSON.

*Husband and Wife—Separate Maintenance—Evidence—Alimony and Solicitor's Fees.*

Upon appeal from a decree allowing separate maintenance, it is *held:* That the finding of the court below, that the wife was living separate and apart from the defendant without her fault, is sustained by the evidence, which was conflicting; and that the allowance for alimony and solicitor's fees, although "full liberal," was not, in view of all the circumstances, so excessive as to require a reversal.

[Opinion filed November 23, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. HENRY W. MAGEE and C. M. HARDY, for appellant.

Messrs. HUTCHINSON & PARTRIDGE, for appellee.
The amount allowed is $80 per month. This amount was

Johnson v. Johnson.

fixed by the court upon an agreement of parties that the defendant was worth $50,000 or more, and that his income above expenses was not less than $3,000 per annum.

Defendant testifies that his income " was between five and six thousand dollars a year." The amount allowed by the court is therefore less than one-third of his income, and the income consisted principally of rents from his building on Chicago Avenue.

The manner and style of living, together with the income and property of the defendant, determine the amount of allowance, and any amount less than one-third of his income is reasonable.

The amount of solicitor's fees was submitted to the court without additional evidence. The several motions and the trial was had before the chancellor, and he was fully cognizant of the services rendered. Many affidavits were taken, motion for temporary alimony was bitterly contested; the suit was pending more than eight months; negotiations for settlement were had; the trial occupied several days, and the amount fixed by the court was less than compensation for services rendered. $150 had been paid, and $350 more was allowed for services rendered prior to the appeal, and $225 was ordered to be paid as solicitor's fees on the appeal to this court.

*Per Curiam.* This is an appeal from a decree finding that appellee was living separate and apart from appellant, her husband, without her fault, and ordering the payment of alimony and solicitor's fees. The evidence of appellant and of appellee is in direct conflict as to the acts of cruelty alleged and as to the general treatment of appellee by appellant. We find that appellee's account of their quarrels and of appellant's conduct toward her derives support from the testimony of other witnesses, but if this were not so, as the witnesses testified orally before the chancellor, and he had the same means for judging of their credibility as a jury would have, we would not be authorized to reverse his finding of the facts unless such finding was clearly unauthorized by the evidence. It is clear that the trial court believed appellee and her

witness, and taking her account as true we are unable to say that the decree, that she was living apart from her husband without her fault, is not supported by the evidence.

A woman's life may be made miserable and cohabitation with her husband made unbearable by other means than the inflicting by him of blows upon her person; and while in this case there is not great violence often repeated shown by appellant toward appellee, there is evidence of coarse and brutal conduct and also instances of physical violence.

Appellant was jealous of appellee, and his conduct toward her implied a belief on his part that she was not faithful to him, and the repeated efforts of the chancellor to bring the parties together and have them live as husband and wife was defeated by appellant's alleged doubt of her chastity and his refusal to be reconciled until he had an opportunity to investigate as to rumors that had reached him. This condition of mind on his part gave color and sting to his conduct toward her, and might render actions and words, which would otherwise be indifferent, cruel in the extreme. We can not say, therefore, that the court erred in its conclusion, and while we think the allowances made for alimony and solicitor's fees "full liberal," we are not disposed, in view of all the circumstances, to regard the action of the chancellor in those respects as constituting ground of error. The decree will be affirmed.

*Decree affirmed.*